No. 322　　　April 22, 2026　　　695

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Erica Benedict-Barta WALLA,
*Petitioner-Respondent,*
*and*

David Alan WALLA, JR.,
*Respondent-Appellant.*

Lane County Circuit Court
22DR06355; A184486

Karrie K. McIntyre, Judge.

Argued and submitted March 11, 2026.

George W. Kelly argued the cause and filed the briefs for appellant.

Michael Vergamini argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals from a judgment of dissolution. In his first three assignments of error, father contends that the trial court erred in setting mother's and father's income and earning capacity, which, in his view, also impacted the trial court's awards of spousal and child support. In his fourth assignment of error, father contends that the trial court erred when it assessed the "best interests" of the children by (1) failing to give a preference for the primary caregiver and (2) failing to give greater weight to wife's relationship and interactions with one of the couple's two children as an "other relevant factor" under ORS 107.137(2). In his fifth assignment of error, father contends that the foregoing errors require a reversal of the award of attorney fees to mother. We affirm.

The trial court issued a lengthy letter opinion and order that carefully explained its factual findings and legal conclusions. Its decision is both thorough and persuasive. With respect to husband's contentions that the trial court erred in setting each party's income and earning capacity, we disagree. The evidence in the record amply supports the trial court's conclusions as to both husband's and wife's income and earning capacity. *See Grimstad v. Knudsen*, 283 Or App 28, 31, 386 P3d 649 (2016), *rev den*, 361 Or 350 (2017) (we review a trial court's explicit and implicit findings of fact for any evidence in the record to support them, and we review the legal consequences of those facts for legal error). We therefore reject father's first through third assignments of error.

We also conclude that the trial court's factual findings and legal conclusions with respect to the best interests of the children are supported by evidence in the record. The trial court's letter opinion demonstrates that the trial court correctly considered the ORS 107.137(1) factors in awarding custody to wife, including by determining which parent was the primary caregiver and giving preference accordingly. In light of the foregoing conclusions, we reject father's final assignment of error concerning attorney fees, because his argument was contingent upon father being successful in his other challenges.

Affirmed.